HOME INSURANCE CO. OF NEW ORLEANS *v.* HARRINGTON.

1. Where the terms of a written contract are perfectly plain and unambiguous, the intention of the parties is to be ascertained from the language of the contract itself, and not otherwise; and in such case parol evidence is inadmissible to add to, vary or explain the meaning of the contract.
2. In this case, the language of the insurance policy as to the question at issue was plain, and its meaning clear and unambiguous. The court therefore erred in admitting parol evidence as to the intention of the parties at the time the policy was issued.

April 15, 1895. Brought forward from the last term. Code, §4271(a–c).

Action on insurance policy. Before Judge FREEMAN. City court of Newnan. January term, 1894.

JACKSON & LEFTWICH, for plaintiff in error.
ATKINSON & HALL, *contra.*

LUMPKIN, Justice.

The Home Insurance Company of New Orleans issued to Harrington Bros. a policy of insurance whereby they were insured for eight months to an amount not exceeding $1,000 "on cotton in bales . . . contained in the buildings, sheds, platforms and yards, and also in cars, at Newnan compress." Also, on all cotton held by the insured for account of certain named railroad companies; loss, if any, payable to such companies "as their interest may appear, while contained in the buildings, sheds, platforms or yards of the Newnan compress, situated on said roads at Newnan, Ga." In the conditions inserted in the policy were the following stipulations: "It is understood and agreed . . . that this company

shall be liable only for such proportion of the whole loss
as this insurance bears to the cash value of the whole
property hereby insured at the time of the fire." "This
company shall not be liable under this policy for a
greater proportion of any loss on the described property
.    .    .    than the amount hereby insured shall bear to
the whole insurance, whether valid or not, or by solvent
or insolvent insurers, covering such property."

Within the period covered by the insurance, a fire oc-
curred by which cotton to the value $7,649.07 was de-
stroyed or injured while upon the platform of the com-
press.    No cotton inside of the compress building was
injured or destroyed.    At the time of the fire there was
inside the building cotton of the value of $83,910.80, upon
which there was "specific" insurance to the amount of
$83,500; and on the platform was cotton of the value of
$38,231.03, upon which there was "floating" insurance
to the amount of $23,000.    The insured brought an ac-
tion against the insurance company, claiming an indebt-
edness under the policy of $197.95, and obtained a ver-
dict accordingly.

It will be observed that the total value of the prop-
erty insured in part by this policy was $122,141.83, and
the whole amount of insurance covering this property
was $106,500.    The company limited its liability by the
two stipulations above quoted, neither of which is in the
least degree doubtful or uncertain in its meaning.    On
the contrary, the terms of the contract are perfectly
plain and unambiguous.    It is a thoroughly well settled
rule of law that in the interpretation and enforcement of
contracts, the cardinal rule is to ascertain and carry out
the intention of the parties; but it is also an equally well
settled rule that this intention is to be arrived at from
the language of the contract itself, and not otherwise,
when the meaning of that language is absolutely clear
and free from doubt.    Consequently, in such case, parol

evidence cannot be resorted to either for the purpose of ascertaining the actual intention of the parties, if different from that plainly expressed in the contract, or of varying or explaining the plain meaning of the contract itself. We deem it entirely unnecessary to fortify these propositions either by reasoning or the citation of authority.

Applying the law as above stated to the facts of the present case, it will readily be seen that the company had the right to limit the amount it would have to pay on account of loss, by invoking the provisions of either of the two above quoted stipulations; and naturally it would choose to adjust its liability under that one which would make its loss the less. How this would work will be at once perceived by stating two proportions under the old "rule of three" as laid down in the arithmetic. Thus, under the first stipulation, the proportion would be: *As face of policy* ($1,000) *is to the whole value* ($122,141.83), *so is proportion of loss* ($62.62 +) *to whole loss* ($7,649.07). And under the second stipulation it would be thus: *As face of policy* ($1,000) *is to whole insurance* ($106,500), *so is proportion of loss* ($71.82 +) *to whole loss* ($7,649.07 +). Therefore, the loss falling upon the company under the first stipulation would be $62.62, and under the second stipulation, $71.82. The former being the lesser amount, fixes the exact measure of the company's liability according to the contract.

The court, over the defendant's objection, admitted evidence the tendency of which was to show an intention on the part of the parties to the contract differing from that above indicated, and which consequently, in its effect, really varied the terms of the policy. This, for the reason already stated, was error. The exact amount of the company's liability was as above shown, and it was easily ascertainable from the terms of the policy itself in connection with the other facts herein

stated.  The verdict should have been for precisely that
amount.                                *Judgment reversed.*